Edwards v. Service Fed. Credit Union  CV-95-170-JD  09/11/97

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Herbert F. Edwards

    v.                                 Civil No. 95-170-JD

Service Federal Credit Union

O R D E R

The plaintiff, Herbert F. Edwards, brought this action asserting, inter alia, claims of intentional and negligent infliction of emotional distress against his former employer, Service Federal Credit Union.  Before the court are (1) the defendant's motion to dismiss the claims of intentional and negligent infliction of emotional distress (document no. 59) and (2) the defendant's motion in limine to exclude testimony concerning the plaintiff's claim that he suffered intentional and negligent infliction of emotional distress (document no. 58).

Background[1]

The plaintiff was employed by the defendant in Berlin, Germany, until July 7, 1993.  The plaintiff alleges that his employment was unlawfully terminated because of his race.  In addition, he alleges that after his employment was terminated,

_____

[1]The facts relevant to the instant motion are currently not in dispute.

the defendant communicated "unsupported and derogatory information about Plaintiff's work performance and ethics."  Am. Compl., ¶ 28.  This "effectively deprived Plaintiff of his livelihood and living accommodations, thereby forcing him to rely on the hospitality of friends or to live in the streets, and making it difficult for Plaintiff to pursue his claims against Defendant and to be employed within the Berlin Community."  Id., ¶ 29.  These allegations form the basis of his intentional and negligent infliction of emotional distress claims in count V, in which he asserts that the defendant "intentionally or was grossly negligent, in communicating derogatory and slanderous information against Plaintiff, and were [sic] in violation of its standards of care with respect to communicating derogatory recommendations and statements."  Id., ¶ 46.

On February 21, 1996, the court ordered the plaintiff to disclose any experts on which he intended to rely by September 1, 1996, and to disclose his experts' written reports by October 1, 1996.  The plaintiff failed to disclose any experts or reports.

On May 19, 1997, the defendant filed the instant motions. The plaintiff filed a timely response to the motion in limine. However, the plaintiff failed to respond to the motion to dismiss by the June 9, 1997, deadline and did not seek an extension of time.  As of the date of this order, the plaintiff has not made

2

any response to the motion to dismiss.

## Discussion

The defendant has moved to dismiss count V of the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. However, because the defendant has already filed an answer to the plaintiffs' complaint, the pleadings have closed under Fed. R. Civ. P. 7(a). As such, the court will treat the defendant's motion to dismiss count V as a motion for judgment on the pleadings. See Fed. R. Civ. P. 12(c).

Pursuant to Fed. R. Civ. P. 12(c), a motion for judgment on the pleadings will be granted if, accepting all of the plaintiff's factual averments contained in the complaint as true, and drawing every reasonable inference helpful to the plaintiff's cause, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988). The court's inquiry is a limited one, focusing not on "whether a plaintiff will ultimately prevail but whether [he or she] is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (motion to dismiss under Fed. R. Civ. P. 12(b)(6)).

As the court has noted, the plaintiff has failed to respond

3

to the defendant's Rule 12 motion.  While failure to respond to a motion to dismiss is not a default on the merits, "the court, before deciding, [is] not obliged to wait indefinitely for plaintiff to respond to the motion, by memorandum or otherwise, and, in its discretion, it [is] warranted in concluding that plaintiff intend[s] to file nothing.  The court has no obligation to play nursemaid to indifferent parties."  <u>Pinto v. Universidad de Puerto Rico</u>, 895 F.2d 18, 19 (1st Cir. 1990).  Thus, the court proceeds directly to the merits of the defendant's arguments in support of its Rule 12 motion.

The defendant argues, <u>inter alia</u>, that New Hampshire law[2] requires expert testimony for proof of physical consequences associated with emotional distress and for proof that the emotional distress was proximately caused by the defendant's conduct.  The defendant's position correctly states the law pertaining to claims of negligent infliction of emotional distress where no physical impact is involved.  <u>See</u> <u>Thorpe v. State</u>, 133 N.H. 299, 304-05 (1990).  The plaintiff's claim for negligent infliction of emotional distress is thus deficient in two respects.  First, it fails even to allege either:  (1) physical impact or a physical manifestation; or (2) causation.

---

[2]Both parties have asserted that New Hampshire law governs the plaintiff's state law claims.

4

Second, even if the plaintiff's claim could be read broadly enough to imply these essential elements, the plaintiff has failed to disclose any experts with which he might provide necessary evidence in support of the claim. Because the plaintiff has failed to comply with the court's scheduling order for disclosing experts and their written reports, he has placed himself in a situation where he "can prove no set of facts in support of his claim which would entitle him to relief." Rivera-Gomez, 843 F.2d at 635. For these reasons, the court grants the defendant's Rule 12 motion as to the plaintiff's claim against it in count V for negligent infliction of emotional distress.

However, the defendant has failed to provide any authority for the proposition that it is entitled to have the claims against it for intentional infliction of emotional distress dismissed. Although the defendant argues that the plaintiff lacks evidence to support this claim, the defendant's motion is not one for summary judgment and the court will not treat it as such. For this reason, the court denies the defendant's Rule 12 motion as to the plaintiff's claim against it in count V for intentional infliction of emotional distress.

The defendant has also filed a motion in limine seeking to preclude the plaintiff from introducing any of the following: testimony concerning, evidence of, and references to any claim by

5

the plaintiff for intentional and negligent infliction of emotional distress. The plaintiff's perfunctory response states only that the defendant's motion in limine "improper[ly uses] a motion in limine to file what is, in fact, a dispositive motion." Pl.'s Obj. to Def.'s Proposed Exs., Jury Instructions and Mot. in Limine at 1. The plaintiff's objection is inapposite because the defendant filed a dispositive motion on this issue at the same time as the motion in limine. Therefore, the court considers the merits of the motion in limine.

Because the court has denied the defendant's motion to dismiss the plaintiff's intentional infliction of emotional distress claim, the broad category of evidence the defendant seeks to exclude includes evidence that the plaintiff might properly use to support this remaining claim. Other evidence included within the scope of the defendant's request, however, might be properly excludable. The court cannot properly rule on such a broad motion without an evidentiary context. Therefore, the court denies the motion in limine without prejudice to the defendant to raise specific evidentiary objections during trial as appropriate.

<u>Conclusion</u>

For the reasons stated above, the defendant's Rule 12 motion (document no. 59) is granted as to the plaintiff's claim in count V of negligent infliction of emotional distress and denied as to the plaintiff's claim in count V of intentional infliction of emotional distress.  The defendant's motion in limine to exclude evidence of claims by the plaintiff of intentional and negligent infliction of emotional distress (document no. 58) is denied without prejudice to the defendant to renew its objections to specific evidence that the plaintiff attempts to introduce at trial.

SO ORDERED.


_____
Joseph A. DiClerico, Jr.
Chief Judge

September 11, 1997

cc:  Brian T. Stern, Esquire
     James H. Shoemaker, Esquire
     Mark T. Broth, Esquire

7